AUSTIN MARKUS JAMES, Chief Legal Counsel
CLAY R. LELAND, Attorney
MONTANA SECRETARY OF STATE
1301 E. 6th Ave Rm 260
Helena, MT 59620-0124
Phone: (406) 444-6197
Austin.James@mt.gov
Clay.Leland@mt.gov

*Attorneys for Montana Secretary of State*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE CHRISTI JACOBSEN AND DONALD JOHN TRUMP<br><br>Defendants. | Cause No. 6:23-CV-00062-H-SPW<br><br>**RESPONSE BRIEF SUPPORTING THE SECRETARY OF STATE'S MOTION TO DISMISS PLAINTIFF'S CONTEMPT MOTION** |

Montana Secretary of State Christi Jacobsen, in her official capacity as Secretary of State (hereinafter referred to as "Secretary"), appears for the limited purpose of responding to and moving to dismiss Plaintiff's Motion for Contempt (Doc. 24 / hereinafter referred to a Plaintiff's "Contempt Motion") under Fed. R. Civ. P. 12(b)(4) and/or (5) for insufficient process and service of process.[1]

---

[1] The State filed a concurrent Notice of Limited Appearance for the sole purpose of this motion to dismiss. Due to Plaintiffs' defective service, the State has not yet appeared in this case. The State

## BACKGROUND

The Secretary was made aware of this matter but to date, no proper service has been effectuated on her. This was specifically pointed out to Plaintiff John Anthony Castro (hereinafter referred to as "Castro" or "Plaintiff") via email from the Secretary of State's Office (Exhibit A) and was addressed in Court documents filed in this matter by Defendant Donald Trump. *See* Doc. 25 ("the Secretary has not been served with the Complaint in accordance with the law.") and Doc. 28 ("Montana Secretary of State Christi Jacobsen, one of the three named parties to this action, has not been served with process.")

## ARGUMENT

Failure to properly serve the Secretary, a named party and Defendant if Plaintiff properly served the Secretary, under Rule 4 strips the court of jurisdiction. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Defendants may "challenge irregularities in the contents of the summons (Rule 12(b)(4)) and irregularities in the manner of delivery of the summons and complaint (Rule 12(b)(5))." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986). Defendants must be served in compliance with Rule 4 to give them

---

therefore contends that it is exempted from the requirement in the local rules requiring it to—after appearing in a case—contact Plaintiffs and solicit their position on a motion such as this. *See* Local Rule 7.1(c)(1). The State understands, however, that Plaintiffs and their counsel will be notified of this motion instantaneously through the Court's electronic filing system.

Secretary of State's Brief in Support of Plaintiff's Contempt Motion           Page 2

adequate notice and grant the court personal jurisdiction over them. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). "Mere notice that a lawsuit is pending is not sufficient." *Razavi v. Regis Corp.*, 2016 WL 97438, 4 (N.D. Cal. 2016) citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Plaintiffs must serve a copy of the complaint with the summons. Fed. R. Civ. P. 4(j). Absent defendants' agreement to waive service, Rule 4's strictures remain "the *sine qua non* directing an individual or entity to participate in a civil action …." *Michetti Pipe Stringing*, 526 U.S. at 351.

Here, the Secretary, a named party in her official capacity as Secretary of State of the State of Montana, has not been served in accordance with Fed. R. Civ. P. 4(j)(2). Exhibit A. Fed. R. Civ. P 4(j)(2) for serving a State Government must be complied with. Subsequently, Montana Rules of Civil Procedure (see below) and the U.S. District Court for the District of Montana Local Rules of Procedure (see below) come into play as well.

**Fed. R. Civ. P 4(j)(2)** states the following:

> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

  (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

**Montana Rules of Civil Procedure** state the following:

> **Mont. R. Civ. P. Rule 4 (l) Serving the State**. The state, as well as any state board or agency, must be served by delivering a copy of the summons and complaint to the attorney general and any other party prescribed by statute. Whenever an officer or employee of the state is sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the state and also serve the officer or employee under Rules 4(e), 4(f), 4(g), 4(h), or 4(n).

**U.S. District Court for the District of Montana Local Rules of Procedure** state the following:

> 4.2 Service of Process Under State Procedure.
>
> In those cases where the Federal Rules of Civil Procedure authorize the service of process to be made in accordance with Montana practice, it is the serving party's duty to file the return of service of process.

  Considering the above provisions, Plaintiff sending process via certified mail simply to the Secretary of State's Office (an agency of the State of Montana) does not constitute proper service based upon the applicable rules. The Secretary of State's Office has not properly been delivered a summons and complaint. Fed. R. Civ. P. 4(j)(2)(B) incorporates Montana Service of Process under state procedure. Montana's local court service of process rule does not allow for the service via mail without a corresponding acknowledgment of service. Mont. R. Civ. P. 4.

  Additionally, as it pertains to Fed. R. Civ. P 4(j)(2)(b) and subsequently with Montana practice, Montana state law requires that for serving the state, the

Attorney General must be delivered a copy of the summons and complaint. In other words, the State must be served by delivering a copy of the summons and complaint to the Attorney General. The Attorney General's Office has not been delivered a summons and complaint in the matter by the Plaintiff. Thus, Plaintiff has failed to serve the Secretary.

Also of significance, Plaintiff holds himself out as an "International Tax Attorney." Exhibit A-2. Plaintiff's professional business website states the following: "John Anthony Castro is the managing partner of Castro & Co. Dr. Castro earned his Master of Laws (LL.M.) in International Taxation from Georgetown University Law Center in Washington, DC. Dr. Castro also earned a Doctor of Jurisprudence (J.D.) from UNM School of Law." Exhibit B. Any special considerations the State or this Court might afford to pro se plaintiffs should not apply here. Plaintiff here ran afoul of Rule 4 by providing no copies of hand-delivered complaint and summons to the Secretary. Plaintiff also has not delivered a summons and complaint on the Attorney General whatsoever.

Notwithstanding the above, the substance of Plaintiff's Contempt Motion is entirely inaccurate. For instance, Plaintiff's Motion states that the Secretary of State is refusing to confer with the Plaintiff himself. That is false. Exhibit A-1. Plaintiff's Motion also indicates that the Secretary of State's Office is refusing to confer with Defendant Donald John Trump. This is false. Exhibit A-2.

Overall, Plaintiff is making sweeping accusations against the Secretary, Defendant Donald John Trump, and even Defendant Donald Trump's counsel and Secretary of State Christi Jacobsen's counsel. As the Court well knows, our democracy depends on the robust adherence to the rule of law. Such is the case here with defective service. Plaintiff has failed to comply with the rule of law.

## CONCLUSION

For the aforementioned reasons, the Secretary respectfully requests that the Court dismiss this Motion for Contempt (and any other document filed in this case pertaining to the Secretary that the Court deems appropriate), pursuant to Fed. R. Civ. P. 12(b)(4) and/or (b)(5).

DATED this 22nd day of November, 2023.

MONTANA SECRETARY OF STATE

 **/S/ CLAY R. LELAND**
AUSTIN MARKUS JAMES
CLAY R. LELAND
*Attorneys for Secretary of State*

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: November 22, 2023          /s/ *Clay R. Leland*
                                          Clay R. Leland

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this Brief in Opposition of Plaintiff's Motion for Preliminary Injunction is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word, is 1252 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

Dated: November 22, 2023          /s/ *Clay R. Leland*
                                          Clay R. Leland